IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES L. NEMEC and POLLY
A. NEMEC,

          Appellants,

v.

THE BANK OF NEW YORK MELLON,
f/k/a THE BANK OF NEW YORK, and
BANK OF AMERICA, N.A.,

          Appellees.

OPINION & ORDER

13-cv-593-wmc

---

This is an appeal from a final order of the United States Bankruptcy Court for the Western District of Wisconsin granting summary judgment to appellees The Bank of New York Mellon ("Mellon") and Bank of America, N.A., finding appellants James and Polly Nemec's adversary action barred by the *Rooker-Feldman* doctrine and, in the alternative, the doctrine of claim preclusion. Because the bankruptcy court correctly applied the *Rooker-Feldman* doctrine, this court will affirm.

BACKGROUND

On or about October 12, 2006, James and Polly Nemec executed a mortgage in favor of Stonecreek Funding Corporation, Inc. ("Stonecreek"). Stonecreek supplied the Nemecs with a $400,000 loan, evidenced by a signed Note. Later, Stonecreek assigned the mortgage to Mellon.

On June 10, 2009, Mellon filed a foreclosure action against the Nemecs, styled *Bank of New York Mellon v. Nemec*, Case No. 42-2009-CA-003345, in the Circuit Court of the 5th Judicial Circuit in and for Marion County, Florida (the "Florida circuit court"). At that

time, Mellon was the holder of the Note and the assignee of the Nemecs' mortgage.[1] On April 15, 2010, the Florida circuit court entered final judgment of foreclosure in favor of Mellon.[2]

On March 28, 2012, the Nemecs filed a Chapter 13 bankruptcy petition and plan in the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 1002 and 11 U.S.C. § 1321. While the bankruptcy was pending, the Nemecs also filed an adversary action, seeking to establish that appellees had no valid and enforceable rights to the property in question. Their primary claims were that: (1) Bank of America was not entitled to enforce the Note and mortgage as a holder in due course under the Uniform Commercial Code as adopted in Wisconsin and Florida; and (2) neither Bank of America nor Mellon was the true mortgagee of the property. In support, the Nemecs provided the bankruptcy court with many of the same details surrounding the mortgage and documents that made up their case before this court: in essence, that their mortgage was not in fact assigned to Mellon, so that Mellon and subsequent holders of the Note lacked the power to foreclose on the property. (*See* Appellants' Br. (dkt. #2) 3 ("The Bank of New York, a New York banking corporation, as Trustee of CWABS Asset-Backed Certificates Trust 2006-23 did not – and never was intended to – acquire possession of the complete mortgage file for Loan Number 5002009699.").)

Appellees filed a motion for summary judgment in the bankruptcy court, arguing that this adversary action was barred by the *Rooker-Feldman* doctrine and by the doctrine of claim

---

[1] The Nemecs dispute this fact, arguing that Mellon never acquired their mortgage, allegedly due to missing documents. For reasons stated later in this opinion, this court need not reach the underlying question of whether Mellon was or was not the assignee of the mortgage.
[2] Apparently, a sale was ordered at one point and later vacated, although the underlying judgment of foreclosure was not. (*See* Appellee's Resp. Ex. 1 (dkt. #3-1) 6.)

2

preclusion and, in the alternative, that the Nemecs had failed to raise a genuine issue of material fact as to Mellon's power to foreclose on the property. Following a hearing, that court granted appellees' motion for summary judgment on two grounds: (1) the *Rooker-Feldman* doctrine blocked appellants' litigation, because they were collaterally attacking the underlying Florida circuit court's judgment as to appellees' entitlement and standing to foreclose on the property; and (2) claim preclusion applied, because the parties in the state court proceedings were the same; that the court had jurisdiction; and there was an identity of causes of action in the two cases. (*See* Appellee's Resp. Ex. 1 (dkt. #3-1) 14-17.) The Nemecs then timely appealed to this court.[3]

OPINION

On appeal, this court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

**I. The *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine, at its core, precludes lower federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In determining whether the *Rooker-Feldman* doctrine applies to bar lower federal court jurisdiction, "the immediate inquiry is whether the 'federal plaintiff seeks to set aside a state court judgment

---

[3] This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

or whether he is, in fact, presenting an independent claim.'" *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). When the plaintiff alleges an injury that "resulted from the state court judgment itself" or that is "inextricably intertwined" with the state court judgment, then *Rooker-Feldman* applies to bar the suit. *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir. 1996). Claims are "inextricably intertwined" with a state court judgment when "the district court is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)).

Here, the Nemecs do not argue that the injury they allege did not result from the judgment of the Florida Circuit Court, nor do they argue that their injury is not inextricably intertwined with that judgment. Rather, as in the adversary proceeding below, they contend that Mellon "will not and cannot produce documents showing the assignment [of the mortgage] to the trust as it does not exist." (Appellants' Reply (dkt. #4) 5.) The remainder of their brief is devoted to factual allegations and arguments that Mellon lacked standing in the underlying state foreclosure action. The Nemecs also appear to allege that (1) one or both appellees have "presented false documents instead of providing the originals as requested," and (2) this court should, therefore, find not only wrongful foreclosure but also fraud. (Appellants' Br. (dkt. #2) 4.)

While appellants are adamant that the foreclosure on their property was fraudulently obtained, the result of an action brought by a party with no right to do so, the bankruptcy court (and this court) lack subject matter jurisdiction if *Rooker-Feldman* applies, and thus, would lack the power to determine the merits of the Nemecs' claims, including a claim of fraud. *See Exxon Mobil Corp.*, 544 U.S. at 292. Unfortunately for the Nemecs, this court

agrees that the bankruptcy court was barred by the *Rooker-Feldman* doctrine from taking up the Nemecs' adversary proceeding.

The injury that the Nemecs claimed before the bankruptcy court, and claim again to this court, is the foreclosure of their Florida property. Florida law requires that a party seeking to foreclose "must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action." *Lizio v. McCullom*, 36 So.3d 927, 929 (Fla. Dist. Ct. App. 2010). "Where the defendant denies that the party seeking foreclosure has an ownership interest in the mortgage, the issue of ownership becomes an issue the plaintiff must prove." *Id.* (citing *Carapezza v. Pate*, 143 So.2d 346, 347 (Fla. Dist. Ct. App. 1962)). Thus, for the Florida circuit court to enter a judgment of foreclosure in favor of Mellon, it must necessarily have found that Mellon had standing to bring the action, (either after the Nemecs challenged its standing or because they failed to put standing at issue), which in turn means the circuit court must necessarily have found that Mellon owned and held the Note and mortgage.

The Nemecs' arguments to this court, and to the Bankruptcy Court below, all challenge that conclusion. They argue that (1) "it [w]ould have been impossible for the [Florida Circuit] Court on April 14, 2010 to know if documents were originals" (Appellants' Reply (dkt. #4) 4); (2) "the loan was not transferred to the securitization trust" (*id.* at 8); and, therefore, (3) Mellon "lacked standing to foreclose" (*id.* at 11). Effectively, the Nemecs are attempting to appeal through a federal adversary proceeding the Florida circuit court's decision on standing and its entry of a judgment of foreclosure. For the bankruptcy court to hold otherwise would have required it to set aside that state court judgment, which is exactly what *Rooker-Feldman* says that the lower federal courts cannot do. *Cf. Taylor,* 374

5

F.3d at 533-34 (claims were not independent of state court foreclosure suit for *Rooker-Feldman* purposes where plaintiff alleged "that the Defendants had committed a fraud upon the court by instituting a wrongful foreclosure action against her"); *Schmid v. Bank of Am., N.A.*, 498 B.R. 221, 224-25 (W.D. Wis. 2013) (dismissing an action challenging defendant's claim that it owned a mortgage and claiming fraud against defendant based on *Rooker-Feldman*, since the alleged injury was the state court foreclosure judgment being asserted against the plaintiff). The bankruptcy court, therefore, correctly dismissed this adversary proceeding pursuant to the *Rooker-Feldman* doctrine.

## II. Claim Preclusion

The Bankruptcy Court also found that the Nemecs' adversary proceeding was barred based on the doctrine of claim preclusion. The Seventh Circuit has held that "[w]here *Rooker-Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata." *Taylor*, 374 F.3d at 535 (7th Cir. 2004) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). Thus, this court will not address the appellees' arguments as to claim preclusion.

ORDER

IT IS ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.

Entered this 7th day of March 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge